IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EVOQUA WATER TECHNOLOGIES, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**AFAM CONCEPT INC.,**<br><br>Defendant. | Case No. 21 C 4708<br><br>Magistrate Judge Beth W. Jantz |

### MEMORANDUM OPINION AND ORDER

Plaintiff Evoqua Water Technologies LLC filed suit against defendant AFAM Concept, Inc., alleging that AFAM failed to make contractually required monthly payments for a water purification system that Evoqua installed at AFAM's Chicago location. Compl., Dkt. 1 ¶¶ 8-12. AFAM now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3), arguing that venue is not proper in this Court because the parties' contract contains a Pittsburgh, Pennsylvania forum selection clause. For the following reasons, AFAM's motion is denied.

### BACKGROUND

On July 21, 2020, Evoqua and AFAM entered into an agreement ("the Contract") for Evoqua to install a water purification system at AFAM's location at 7401 S. Pulaski Road in Chicago. Compl. ¶ 8.[1] Paragraph 17 of the Contract provides: "This Agreement shall be governed by and construed in accordance with the laws of

---

[1] The facts recited herein reflect the allegations in the plaintiff's complaint, unless otherwise specified.

the Commonwealth of Pennsylvania without giving effect to its choice of law principles. The Parties agree that all actions and proceedings arising out of or relating directly or indirectly to this Agreement or any ancillary agreement or any other related obligations shall be litigated solely and exclusively in the state or federal courts located in the City of Pittsburgh, Pennsylvania and that such courts are convenient forums." Dkt. 1-1 ¶ 17.

Evoqua completed installation of the water purification system by December 2020, after AFAM paid for the installation called for by the Contract. *Id*. ¶¶ 9-10. AFAM, however, failed to make the monthly payments required by the Contract, until June 2021, when AFAM notified Evoqua that it was cancelling the contract and asked Evoqua to remove the equipment. *Id*. ¶¶ 12-14. AFAM subsequently refused to permit Evoqua to remove its equipment unless Evoqua agreed to release AFAM from the Contract. *Id*. ¶ 16. Evoqua then filed suit against AFAM alleging breach of contract and seeking replevin of the water purification equipment. AFAM now moves to dismiss Evoqua's suit for improper venue based on the Contract's Pittsburgh forum selection clause.

## DISCUSSION

As an initial matter, the parties dispute whether AFAM's motion is procedurally proper. AFAM brings its motion under Federal Rule of Civil Procedure 12(b)(3), which contemplates motions to dismiss for improper venue. But, as Evoqua points out, the Supreme Court held in *Atlantic Marine Const. Co v. U.S. Dist. Court for the W. Dist. of. Tex.*, 571 U.S. 49, 55 (2013), that whether venue is "improper"

under Rule 12(b)(3) "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." The only argument that AFAM makes is that the parties' forum selection clause demands dismissal for improper venue, but *Atlantic Marine* makes clear that Rule 12(b)(3) is an inappropriate vehicle to raise such an argument.

Instead, the appropriate vehicle is a motion to transfer under 28 U.S.C. §1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See also Atlantic Marine*, 571 U.S. at 59 ("Although a forum-selection clause does not render venue in a court "wrong" or "improper" within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a).").

Regardless of the framework the Court uses to evaluate AFAM's motion, the motion must be denied because the Contract's forum selection clause—which is the only factor AFAM argues favors dismissal (or transfer)—is invalid. Before assessing the forum selection clause, the Court must determine which law to apply to this dispute. AFAM takes the position that Pennsylvania law applies to this dispute pursuant to the Contract's choice of law clause, and that Pennsylvania law would respect the parties' Pittsburgh forum selection clause. Evoqua, however, argues that

3

Illinois law applies to this dispute notwithstanding the Pennsylvania choice of law clause, and under Illinois law, the Pittsburgh forum selection clause is invalid.

The Court agrees with Evoqua's argument. In determining what law to apply, federal courts sitting in diversity apply the choice of law principles of the forum state, here, Illinois. *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015). Then looking at Illinois' choice-of-law rules, "a court must honor a contractual choice of law *unless* the parties' choice of law would violate fundamental Illinois public policy and Illinois has a materially greater interest in the litigation than the chosen state." *Id.* (emphasis added).

Evoqua further argues—and the Court further agrees—that applying Pennsylvania law to the parties' contract dispute would violate Illinois public policy. Illinois has a clearly expressed public policy favoring application of Illinois law to contracts for construction that occurs in the state of Illinois. Specifically, the Illinois Building and Construction Contract Act ("the Act") provides: "A provision contained in or executed in connection with a building and construction contract to be performed in Illinois that makes the contract subject to the laws of another state or that requires any litigation, arbitration, or dispute resolution to take place in another state is against public policy. Such a provision is void and unenforceable." 815 ILCS 665/10. The law defines a "building and construction contract" as "a contract for the design, construction, alteration, improvement, repair, or maintenance of real property, highways, roads, or bridges." 815 ILCS 665/5.

4

Evoqua argues that the Contract constitutes a "building and construction contract" under the Act. Evoqua maintains (with support from an employee affidavit, the facts of which Defendant does not dispute) that the control panel for the water purification system it installed was screwed into the wall at AFAM's Pulaski location, and that the water entry and exit piping was connected to the water systems on AFAM's real estate. This water purification system is thus consistent with the kinds of improvements that courts have deemed "improvements to real property" under the Act and other Illinois laws containing similar language, as it was attached to real property. *See, e.g., McCoy v. Gamesa Tech. Corp.*, No. 11 C 592, 2012 WL 245162, at *5 (N.D. Ill. Jan. 26, 2012) (wind turbines are improvements to real property under the Act, because they were "attached to or erected on land"); *see also Ambrosia Land Invs., LLC v. Peabody Coal Co.*, 521 F.3d 778, 781 (7th Cir. 2008) (collecting cases finding that, among other things, overhead garage door systems and electrical switches are "improvements to real property" for purposes of applicable Illinois statute of limitations). Regardless, AFAM offers no argument that the water purification system falls outside the Act's ambit. *See McCoy*, 2012 WL 245162, at *5 n. 4 (defendant waived argument that Act did not apply by failing to provide authority or evidence to support position).

Because the Act applies, the Contract's Pennsylvania choice of law clause is invalid as against Illinois public policy. The Act specifically provides that a provision in a building and construction contract "that makes the contract subject to the laws of another state" is "against public policy" and "void and unenforceable." 815 ILCS

5

665/10; *see also McCoy*, 2012 WL 245162, at *4 ("Indeed, the Illinois Construction Act declares that forum selection clauses and choice-of-law clauses in certain construction contracts are against public policy and, therefore, unenforceable. Thus, as long as the Illinois Construction Act applies to the MSA, the forum selection and choice-of-law clauses are invalid and unenforceable."). Thus, Illinois law will apply to this dispute.

And because Illinois law applies to this dispute, the Act also applies to invalidate the Contract's Pittsburgh forum selection clause. In the Seventh Circuit, the "validity and meaning of a forum selection clause" is generally determined "by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears," *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 775 (7th Cir. 2014) (citing *Abbott Laboratories v. Takeda Pharm. Co.*, 476 F.3d 421 (7th Cir. 2007)), in this case as decided above, Illinois.[2] And under Illinois law, a provision in a building or construction contract that "that requires any litigation, arbitration, or dispute resolution to take place in another state is against public policy. Such a provision is void and unenforceable." 815 ILCS 665/10; *see also McCoy*, 2012 WL 245162, at *4 ("[A]s long as the Illinois Construction Act applies to the MSA, the forum selection and choice-of-law clauses are invalid and unenforceable.").[3]

---

[2] *Jackson* acknowledged that the Seventh Circuit's approach diverges from that of other Circuits, which hold "that the enforceability of a forum selection clause implicates federal procedure and should therefore be governed by federal law." *Jackson*, 764 F.3d at 774. The Circuit split does not, however, affect the outcome of this motion because AFAM does not argue that federal common law requires enforcement of the forum selection clause; AFAM argues that *Pennsylvania* law governs the parties' entire contract, including the forum selection clause.

[3] The court in *McCoy* noted that "[a] party may challenge venue based on a forum selection clause by filing a motion to dismiss under Federal Rule of Civil Procedure

6

AFAM contends that *Jackson* requires this Court to apply Pennsylvania law as was specified in the parties' choice of law clause, but *Jackson* does not support the proposition that courts must reflexively enforce choice of law clauses in contracts without also giving effect to applicable choice of law principles. Indeed, in *Jackson*, the Seventh Circuit applied Illinois choice of law principles (the law of the forum court) in its (albeit dicta) discussion of the validity of a contractual choice of law clause specifying the law of the Cheyenne River Sioux Tribe. *Jackson*, 764 F.3d at 775 n. 23. Here, applying Illinois choice of law principles, the Contract's Pennsylvania choice of law clause is invalid as discussed above, Illinois law governs the parties' Contract, and Illinois law invalidates the Contract's Pittsburgh forum selection clause. Because AFAM offers no reason other than the forum selection contractual clause to dismiss or transfer this case, its motion is denied.

## CONCLUSION

For the foregoing reasons, the Court denies AFAM's motion to dismiss, even if construed as a motion to transfer.

E N T E R:

Dated: January 12, 2022

*[signature]*

BETH W. JANTZ
United States Magistrate Judge

---

12(b)(3)," 2012 WL 245162, at *2, but *McCoy* was decided prior to the Supreme Court's decision in *Atlantic Marine*.